UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DENNIS W. STRUTTON,            )
                               )
            Plaintiff,         )
                               )
      v.                       )     No. 4:05-CV-448-TIA
                               )
LARRY MAJOR,                   )
                               )
            Defendant.         )

**OPINION, ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Dennis W. Strutton for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendant Larry Major (MSOTC "SA 1"). Plaintiff alleges that "defendant committed slander by lying to his staff about the events of 10-8-04 . . . [when he] gave plaintiff a Rule violation for 'Threats,'" and he "attempted to manipulate upper staff to clear him of wrongdoing, when he did not report the facts correctly."

Having carefully reviewed plaintiff's allegations, the Court concludes that the instant action is legally frivolous.

Claims for slander and defamation are not cognizable under § 1983. *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975). "A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated. Invasion of an interest in reputation alone is insufficient to establish § 1983 liability because a damaged reputation, apart from injury to a more tangible interest such as loss of employment, does not implicate any 'liberty' or 'property' rights sufficient to invoke due process." Geter v. Fortenberry, 849 F.2d 1550, 1556 (5th Cir. 1988); Paul v. Davis, 424 U.S. 693 (1976). Plaintiff does not allege a colorable violation of a "more tangible" interest related to the alleged slander that could amount to a constitutional deprivation.

Moreover, even if the Court were liberally to construe the complaint as having been brought under 28 U.S.C. § 1332, the action would be dismissed for lack of subject matter jurisdiction. The amount in controversy is not specified, and diversity of citizenship is lacking. See 28 U.S.C. § 1332.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #4] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue

process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 23rd day of June, 2005.

_____
**UNITED STATES DISTRICT JUDGE**